UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                                    :        Chapter 13

GARY J. MARTORANA                     :

       Debtor                                 :        Bankruptcy No. 07-13861bf

................................................

MEMORANDUM

................................................

       Two matters are currently before me in this chapter 13 case.  First, the debtor seeks confirmation of his amended chapter 13 plan.  Confirmation is opposed by the standing chapter 13 trustee, William C. Miller, Esq., and by Deutsche Bank National Trust Company.  Second, the trustee seeks to dismiss this case pursuant to 11 U.S.C. § 1307(c)(1), (c)(4).  The debtor opposes dismissal.

I.

       This chapter 13 case commenced on July 9, 2007.[1]  On July 24, 2007, the debtor filed a proposed chapter 13 plan in accordance with Fed. R. Bankr. P. 3015(b).  This plan provided, inter alia, to pay the trustee $400 per month for 60 months and to tender all postpetition mortgage payments as they come due.  The proposed plan also

---

[1] The debtor had previously filed a chapter 7 case in April 1992, docketed at Bankr. No. 92-12568DAS.  I shall assume that counsel's representation of the debtor does not violate Rule 1.12(a) of the Pennsylvania Rules of Professional Conduct.  See In re Marrone, 2003 WL 22416375 (E.D. Pa. 2003).

made reference to an adversary proceeding the debtor anticipated filing against his mortgagee, identified as "HomEq."

HomEq Servicing Corporation filed a secured proof of claim dated July 27, 2007. This claim asserted a security interest in the real property located at 663 Bethel Church Road, Spring City, Pennsylvania, based upon a mortgage dated December 30, 2004 purportedly signed by Gary and Kimberly Martorana. This proof of claim stated that the mortgage was 12 months in arrears, with a pre-bankruptcy delinquency of $45,891.15 and a loan payoff amount of $390,982.29. Claim Docket # 2.

On August 10, 2007, Deutsche Bank National Trust Company filed an objection to the debtor's proposed plan. On August 22, 2007, the debtor filed an adversary proceeding against HomEq and four other defendants, including Deutsche Bank Trust Company New York, docketed at Adv. No. 07-0308. Two answers to this complaint were filed, including one by "Deutsche Bank Trust Co. c/o HomEq Servicing Corporation." The debtor has taken no action against the non-responding defendants; nor has the debtor sought a discovery or pretrial schedule, or requested a trial date.

On August 5, 2007, notice was issued scheduling a confirmation hearing on the debtor's chapter 13 plan for November 20, 2007. On November 20th, the confirmation hearing was postponed until January 8, 2008 at the joint request of the debtor and the chapter 13 trustee and without opposition from Deutsche Bank.

On November 27, 2007, the trustee filed a motion to dismiss this case, alleging that the debtor had failed to commence or continue tendering plan payments, and because the debtor's proposed plan was infeasible in light of the proofs of claim filed. A hearing on this dismissal motion was also scheduled for January 8, 2008.

On January 8, 2008, the debtor and the trustee were granted a postponement of the trustee's motion to dismiss and of the confirmation hearing until February 5, 2008, without opposition from Deutsche Bank. On February 5, 2008, these two parties were again granted a postponement of the trustee's dismissal motion and confirmation hearing until March 25, 2008.

On February 18, 2008, the debtor filed an amended chapter 13 plan, which plan superceded his earlier plan. See 11 U.S.C. § 1323. This amended plan again calls for monthly payments of $400, beginning however in March 2008 for 54 months. It also provides that the debtor would have tendered $1,600 to the trustee by February 2008. Furthermore, the proposed amended plan states:

> The Debtor and his wife ("the Borrowers") have rescinded the loan made by them and presently held or serviced by HomEq Servicing Corp. ("Homeq"), the first mortgagee on their home located at 663 Bethel Church Rd., Spring City, PA. 19475 ("the Home"), and they have filed an adversary proceeding in this court to enforce their rescission rights against the Homeq. The Borrowers will make their regular post-petition mortgage payments directly to the Homeq. Upon resolution of either of the above matters, the Borrowers and the Bank will decide among themselves how any arrears found to be due will be paid. These payments will also be made directly to the Homeq.

On March 25, 2008, the debtor and the trustee requested yet another continuance for 30 days. The sole reason given for this joint request was the pendency of the adversary proceeding brought by the debtor in August 2007 against HomEq and others. Whether to grant a postponement, even if requested by all parties, is within the discretion of the bankruptcy court. See, e.g., In re E.S. Professional Services, Inc., 250 Fed. Appx. 294 (11th Cir. 2007); In re Holder, 23 F.3d 407 (6th Cir. 1994); In re Leonetti, 28 B.R. 1003 (E.D. Pa. 1983); see generally Ockert v. Union Barge Line Corp., 190 F.2d

3

303 n.1 (3d Cir. 1951). Since the adversary proceeding was not scheduled for trial, and so would not be concluded within 30 days, and given the three prior monthly postponements, the parties' continuance request was denied.[2] The trustee then elected to prosecute his motion to dismiss.[3]

The trustee introduced in evidence a copy of his ledger dated March 20, 2008, reflecting receipts from the debtor. Ex. T-1. Mr. Martorana tendered one plan payment of $400 in August 2007. Thereafter, he tendered no payments to the trustee until February 2008, when he sent in three $400 checks. Id. Under the July 2007 plan, the debtor should have made seven plan payments through February 2008, not four. Pursuant

---

[2]No legitimate purpose would have been served by yet another 30-day postponement as demonstrated by the three earlier monthly continuances and the lack of a trial date. See also 11 U.S.C. § 1324(b) (specifying when confirmation hearings should be held). If all parties were agreeable, however, I was prepared to grant a much longer postponement, based upon the premise that all parties desired the confirmation and dismissal hearings to occur after the adversary proceeding was concluded. The trustee rejected that schedule and declined to withdraw his dismissal motion.

Although I was willing in this instance to defer the confirmation hearing until after the resolution of the pending adversary proceeding if all parties in interest, including the trustee, so requested, I note that there is no requirement that a confirmation hearing be postponed until a pending adversary proceeding has been concluded. See In re Bell, 314 B.R. 54, 61 n.5 (Bankr. E.D. Pa. 2004) (determination of confirmation should not be delayed by pendency of an adversary proceeding). When litigation is pending as of the time of the confirmation hearing, and if the viability of a chapter 13 plan is dependent upon that litigation, then the likely outcome of that litigation may be considered as part of the debtor's burden in establishing the feasibility of her plan. See In re Yeager, 2004 WL 422049, at *3 (Bankr. E.D. Pa. 2004); see also In re Shields, 148 B.R. 783 (Bankr. E.D. Pa. 1993) (chapter 13 plan that is premised upon the debtor's setting aside of a foreclosure sale is not feasible when there is no likelihood that the foreclosure sale will be set aside).

[3]The debtor, who was present only via counsel, did not maintain that the trustee promised not to prosecute his dismissal motion were a further continuance request not granted. Thus, the trustee had not misled the debtor, and the debtor had no justification in not attending the hearing. Nonetheless, to afford the debtor the opportunity to be present, the confirmation and dismissal hearings took place in the afternoon rather than in the morning as originally scheduled. The debtor did not attend the afternoon hearings.

to the amended plan filed on February 18, 2008, the debtor proposed to tender "$1,600 through February, 2008, and thereafter $400 monthly for the remaining 54 months of the plan." Amended Plan, ¶ 2. Thus, he was one month delinquent even if one were to consider only the terms of the amended plan.[4]

II.

The debtor has the ultimate burden of persuasion that his proposed chapter 13 plan meets the statutory requirements for confirmation. See, e.g., In re Hill, 268 B.R. 548, 552 (B.A.P. 9th Cir. 2001) ("The debtor, as the chapter 13 plan proponent, has the burden of proof on all elements of plan confirmation."); In re Heath, 182 B.R. 557, 560 (B.A.P. 9th Cir. 1995) ("In general, the debtor carries the burden of proving, by a preponderance of the evidence, that the plan complies with the statutory requirements of confirmation."); In re Weisser, 190 B.R. 453, 454 (Bankr. M.D. Fla. 1995); In re Norwood, 178 B.R. 683, 687 (Bankr. E.D. Pa. 1995); see also In re Ziegler, 88 B.R. 67, 69 (Bankr. E.D. Pa. 1988). While this burden is lessened when the chapter 13 trustee recommends confirmation, see In re Hines, 723 F.2d 333 (3d Cir. 1983), the trustee has made no such recommendation in this instance.

---

[4]In his post-hearing brief, the debtor asserts that he sent $400 to the trustee in April 2008, and attaches a copy of a $400 money order. Aside from debtor's counsel's unfortunate penchant for attaching documents to post-hearing memoranda as though the documents were part of the evidentiary record, see, e.g., In re Madera, 2008 WL 834382, at *2 n.3 (E.D. Pa. 2008), such an April payment, even if tendered, would still leave him delinquent for March 2008 under his amended plan.

5

The trustee contends that the debtor's proposed amended plan is infeasible, given the debtor's failure to tender all plan payments due as of the confirmation hearing. Section 1325(a)(6) requires that visionary or speculative chapter 13 plans not be approved. As stated in In re Fantasia, 211 B.R. 420, 423 (B.A.P. 1st Cir. 1997) (citations omitted):

> To satisfy feasibility, a debtor's plan must have a reasonable likelihood of success, i.e., that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan. 11 U.S.C. § 1325(a)(6). The debtor carries the initial burden of showing that the plan is feasible. Before confirmation, the bankruptcy court should be satisfied that the debtor has the present as well as the future financial capacity to comply with the terms of the plan.

See also In re Scott, 188 F.3d 509 (table), 1999 WL 644380, at *1 (6th Cir. 1999); In re Harris, 199 B.R. 434, 436 (Bankr. D.N.H. 1996) (feasibility requires that the proposed chapter 13 plan have a likelihood of success).[5]

Here, the debtor initially proposed to pay the trustee $400 per month beginning in August 2007. He made one payment in August 2007, and then six months later made three payments at once. He filed an amended plan in February 2008 containing a provision that purported to erase this payment arrearage, yet called for prospective $400 per month payments to resume forthwith. As of the March 2008 hearing date, he had not tendered that monthly plan payment. Furthermore, the debtor

---

[5]A similar feasibility provision is found in chapter 11 cases at 11 U.S.C. § 1129(a)(11). Courts have noted that the purpose of the chapter 11 feasibility requirement is to prevent confirmation of "visionary schemes." See Matter of Pizza of Hawaii, Inc., 761 F.2d 1374, 1382 (9th Cir. 1985); 7 Collier on Bankruptcy, ¶ 1129.03[11] (15th ed. rev. 2007). While feasibility does not require that compliance with plan terms be guaranteed, there must be a "reasonable prospect of success" and the plan must be "workable." 7 Collier on Bankruptcy, ¶ 1129.03[11], at 1129-74 to 74.1.

offered no evidence to support his plan promise that he can afford to pay $400 every month, especially when the record is clear that he has been unable to do so since this case commenced.  See generally In re Perry, 2008 WL 185617, at *4 (Bankr. E.D. Pa. 2008) (proposed post-confirmation plan modification under section 1329 is not feasible when evidence demonstrates that the debtor did not pay a lesser plan amount).

      Accordingly, the debtor did not meet his evidentiary burden to demonstrate that his amended plan is feasible.  See, e.g., In re Scott, 1999 WL 644380, at *1 ("Without a credible basis to find that he could pay the $100 per month that his plan required, the plan could not be confirmed."); In re Haskell, 252 B.R. 236, 244 (Bankr. M.D. Fla. 2000) (chapter 13 confirmation was denied when debtor was delinquent in plan payments, and debtor's testimony regarding future income was not persuasive); In re Gale, 8 B.R. 960, 962-63 (Bankr. D. Md. 1981) (confirmation of chapter 13 plan is denied because future plan payments were "conjectural at best.").[6]

### III.

      In seeking dismissal, the trustee relies upon the debtor's default in tendering plan payments and the delay in administering this chapter 13 case.  The trustee also makes

---

[6]The trustee also challenges the debtor's amended plan as it provides for 61 months of payments: in excess of the maximum chapter 13 plan length found in section 1322(d). That, indeed is another defect. Deutsche Bank (if I assume that it is the holder of the mortgage and HomEq is the servicer), fairly complains about the provision of the amended plan that does not specify payment of pre-bankruptcy mortgage arrears, either in timing or amount. (The debtor argues that this objection pre-dates the amended plan and should not be considered. But this problematic provision of the amended plan was also in the original plan.) And not raised by either the trustee or Deutsche Bank, nor considered by the debtor, are complicated issues under section 1325(a)(4)-(a)(6) that would arise were the debtor successful in voiding the first mortgage lien, as demanded in his adversary proceeding.

7

it clear in his post-hearing memorandum (although he also left no doubt at the hearing) that he is unwilling to defer the administration of this case until the debtor's adversary proceeding is resolved. The debtor opposes dismissal by arguing that his payment delinquency is "not substantial" and that confirmation should await the outcome of the adversary proceeding (whenever that may occur). Further, he requests another opportunity to confirm a different chapter 13 plan.

Section 1307(c) grants a bankruptcy court discretion to either convert or dismiss a chapter 13 case for cause, see, e.g., In re Badalyan, 221 F.3d 1333 (Table), 2000 WL 924591 (6th Cir. 2000); In re McDonald, 118 F.3d 568 (7th Cir. 1997), with the statute providing 11 non-exclusive illustrations of cause. Even when cause has been demonstrated, a bankruptcy court has discretion to not dismiss a chapter 13 case in appropriate circumstances. See In re Kane, 1998 WL 259945, at *3 (Bankr. E.D. Pa. 1998).

I agree with the trustee that he has met his evidentiary burden under section 1307(c). Nevertheless, although the issue is close, I shall exercise my discretion and not dismiss this chapter 13 case at this time. Given the amount of the plan payment delinquency, the length of time the case has been pending, the absence of prior chapter 13 cases filed by the debtor or his spouse, and the trustee's willingness to have postponed the dismissal hearing for 30 days, dismissal of the case at this time seems too severe a sanction.

The debtor insists that he can propose a viable chapter 13 plan. He will be afforded one further, brief opportunity to do so. If, however, the debtor is unable to confirm a subsequently filed plan at the next scheduled confirmation hearing, this case

8

will be dismissed; moreover, the debtor also may be precluded from filing another chapter 13 case for 180 days.

      An appropriate order shall be entered.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                   :        Chapter 13

GARY J. MARTORANA                       :

      Debtor                    :        Bankruptcy No. 07-13861bf

..............................................

ORDER

..............................................

AND NOW, this 11th day of April 2008, for the reasons stated in the accompanying memorandum, it is hereby ordered as follows:

1. Confirmation of the debtor's amended chapter 13 plan dated February 18, 2008 is denied;

2. The trustee's motion to dismiss is denied without prejudice;

3. The debtor has until April 21, 2008 to file and serve upon the trustee and all creditors and other parties in interest a second amended plan. If such a plan is filed and served, a confirmation hearing shall take place on May 20, 2008 at 3:00 p.m. in Bankruptcy Courtroom #2; and

4. If confirmation of the second amended plan is denied, the debtor shall not be afforded any further opportunity to propose a chapter 13 plan and this case shall be dismissed. The dismissal may include a bar against future bankruptcy filings for a period of 180 days.

                                                                BRUCE FOX
                                         United States Bankruptcy Judge

copies to:

Mr. Gary J. Martorana
663 Bethel Church Road
Spring City, PA 19475

David A. Scholl, Esq.
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St Albans Avenue
Newtown Square, PA 19073

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall, Suite 583
Philadelphia, PA 19106

Daniel J. Mancini, Esq.
Mancini & Associates
201A Fairview Drive
Monaca, PA 15061

Ms. BarbaraTownsend, Courtroom Deputy